**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Securities and Exchange Commission, | Case No. |
| Plaintiff, | **FINAL JUDGMENT AS TO DEFENDANT DAVID A. HARBOUR** |
| v. | |
| David A. Harbour, | |
| Defendant. | |

**FINAL JUDGMENT AS TO DEFENDANT DAVID A. HARBOUR**

The Securities and Exchange Commission having filed a Complaint and Defendant David A. Harbour ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(b) promulgated thereunder [17 C.F.R. § 240.10b-5(b)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2)] in the offer or sale

1  of any security by the use of any means or instruments of transportation or
2  communication in interstate commerce or by use of the mails, directly or indirectly, to
3  obtain money or property by means of any untrue statement of a material fact or any
4  omission of a material fact necessary in order to make the statements made, in light of the
5  circumstances under which they were made, not misleading.
6       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in
7  Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the
8  following who receive actual notice of this Final Judgment by personal service or
9  otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b)
10 other persons in active concert or participation with Defendant or with anyone described
11 in (a).
12                         III.
13      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
14 Defendant is liable for disgorgement of $1,535,000, representing profits gained as a result
15 of the conduct alleged in the Complaint, together with prejudgment interest thereon in the
16 amount of $97,072.85.  Defendant shall satisfy this obligation by paying $1,632,072.85 to
17 the Securities and Exchange Commission within 14 days after entry of this Final
18 Judgment.
19      Defendant may transmit payment electronically to the Commission, which will
20 provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be
21 made directly from a bank account via Pay.gov through the SEC website at
22 http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check,
23 bank cashier's check, or United States postal money order payable to the Securities and
24 Exchange Commission, which shall be delivered or mailed to
25      Enterprise Services Center
26      Accounts Receivable Branch
27      6500 South MacArthur Boulevard
28      Oklahoma City, OK 73169

1   and shall be accompanied by a letter identifying the case title, civil action number, and
2   name of this Court; David Harbour as a defendant in this action; and specifying that
3   payment is made pursuant to this Final Judgment.
4       Defendant shall simultaneously transmit photocopies of evidence of payment and
5   case identifying information to the Commission's counsel in this action.  By making this
6   payment, Defendant relinquishes all legal and equitable right, title, and interest in such
7   funds and no part of the funds shall be returned to Defendant.  The Commission shall
8   send the funds paid pursuant to this Final Judgment to the United States Treasury.
9       The Commission may enforce the Court's judgment for disgorgement and
10  prejudgment interest by moving for civil contempt (and/or through other collection
11  procedures authorized by law) at any time after 14 days following entry of this Final
12  Judgment.  Defendant shall pay post judgment interest on any delinquent amounts
13  pursuant to 28 U.S.C. § 1961.

14      IV.

15  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
16  shall pay a civil penalty in the amount of $1,535,000 to the Securities and Exchange
17  Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and
18  Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall make this
19  payment within 14 days after entry of this Final Judgment.
20      Defendant may transmit payment electronically to the Commission, which will
21  provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be
22  made directly from a bank account via Pay.gov through the SEC website at
23  http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check,
24  bank cashier's check, or United States postal money order payable to the Securities and
25  Exchange Commission, which shall be delivered or mailed to
26      Enterprise Services Center
27      Accounts Receivable Branch
28      6500 South MacArthur Boulevard

1      Oklahoma City, OK 73169

2 and shall be accompanied by a letter identifying the case title, civil action number, and
3 name of this Court; David Harbour as a defendant in this action; and specifying that
4 payment is made pursuant to this Final Judgment.

5      Defendant shall simultaneously transmit photocopies of evidence of payment and
6 case identifying information to the Commission's counsel in this action.  By making this
7 payment, Defendant relinquishes all legal and equitable right, title, and interest in such
8 funds and no part of the funds shall be returned to Defendant.  The Commission shall
9 send the funds paid pursuant to this Final Judgment to the United States Treasury.
10 Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28
11 USC § 1961.

12      V.

13      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the
14 Consent is incorporated herein with the same force and effect as if fully set forth herein,
15 and that Defendant shall comply with all of the undertakings and agreements set forth
16 therein.

17      VI.

18      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for
19 purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11
20 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and
21 further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts
22 due by Defendant under this Final Judgment or any other judgment, order, consent order,
23 decree or settlement agreement entered in connection with this proceeding, is a debt for
24 the violation by Defendant of the federal securities laws or any regulation or order issued
25 under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C.
26 §523(a)(19).

27

28

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.